E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2687-GHK (CWx) | Date | April 6, 2011 |
|---|---|---|---|
| Title | *Prudential Real Estate Affiliates, Inc. v. Cordano Realty LLC, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:** (In Chambers) Order to Show Cause

     Plaintiff Prudential Real Estate Affiliates, Inc. ("Plaintiff") filed the above-captioned action on March 30, 2011. Plaintiff invokes our subject matter jurisdiction under 28 U.S.C. § 1332(a), alleging that the Parties are completely diverse. Plaintiff alleges that Defendant Cordano Realty LLC ("Cordano LLC") is "organized in the State of Massachusetts, with its principal office in the State of Massachusetts." (Compl. ¶ 5). Furthermore, Plaintiff alleges that Defendant Pedro Cordano was the managing member of Cordano LLC, and that he is a citizen of Massachusetts.

     As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When a case does not arise under federal law, we have original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be filed in federal court based on diversity jurisdiction where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.*

     "For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members." 15 Martin H. Redish, *Moore's Federal Practice* § 102.57[8] (3d ed. 2007). Plaintiff has only alleged the citizenship of a single member of Cordano LLC. Plaintiff has not alleged, much less made any showing, how many members Cordano LLC has, or the citizenship of any other member. We require such information to determine whether we have subject matter jurisdiction.

     If any of the members of the LLC is itself a business entity, we must examine that business's citizenship under the proper rule for that particular type of entity. *See id.* §§ 102.56–.57. For purposes of assessing diversity, a corporation has dual citizenship. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers to

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2687-GHK (CWx) | Date | April 6, 2011 |
|---|---|---|---|
| Title | *Prudential Real Estate Affiliates, Inc. v. Cordano Realty LLC, et al.* | | |

"the place where a corporation's officers direct control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice it should normally be the place where the corporation maintains its headquarters," the center of overall direction, control, and coordination commonly known as the "nerve center." *Id*. If any member of a LLC is an individual, we require information as to their citizenship. Individual citizenship is determined by the state where a natural person is domiciled, and a person may only have one domicile at a time. *Gaudlin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004) (citation omitted). Finally, if any member of the LLC is itself an LLC, we require information about all of its members.

      The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Here, the Complaint is insufficient to do so because Plaintiff has not made the required showing of the information noted above. Therefore, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE (12) DAYS hereof**, as to why this matter should not be dismissed because this court lacks subject matter jurisdiction. Plaintiff's failure to timely and adequately show cause as required herein shall be deemed its admission that this Court lacks subject matter jurisdiction. In that event, this action shall be dismissed for lack of subject matter jurisdiction.

      **IT IS SO ORDERED.**

|   |   |   -- : --   |
|---|---|---|
|   | Initials of Deputy Clerk | Bea |